\*\*Original filed 10/19/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUILON ENTERPRISES LLC, a Delaware Corporation, d/b/a SHELL OIL PRODUCTS US,<br><br>Plaintiff,<br><br>v.<br><br>MEHDI SHAHBAZI, et al.,<br><br>Defendants. | Case Number C 05-05102 JF<br><br>ORDER[1] DENYING PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>[re: docket no. 76] |

On October 2, 2006, Plaintiff Equilon Enterprises LLC ("Equilon") filed an *ex parte* motion for a temporary restraining order and moved for an order to show cause why a preliminary injunction should not issue. Equilon seeks an order (1) requiring Defendant Mehdi Shahbazi ("Shahbazi") to immediately vacate Equilon's two properties (Shell gas stations in Marina and Salinas), and (2) forbidding Shahbazi from coming from within 100 feet of Equilon's employees or Equilon's properties, including the two stations. Shahbazi opposes the motion, claiming that Equilon's statements are false and that he has no plans to cause injury. For the reasons set forth below, the Court will deny the motion.

---

[1] This disposition is not designated for publication and may not be cited.

## I. BACKGROUND

On September 22, 2006, this Court issued an Order granting Equilon's motion for leave to file an amended complaint and referring the parties to Magistrate Judge Seeborg for a settlement conference. That order contains the complete factual background of the dispute between Equilon and Shahbazi, which need not be repeated here.

Equilon alleges the following in connection with the instant motion. Equilon claims that Shahbazi has made two threats against it, one at his deposition and another directly to Equilon's counsel following the hearing in this Court on September 15, 2006. Shahbazi allegedly stated that he will injure and disparage Equilon by doing something at its Marina Station on October 28, 2006, unless Equilon begins selling him gasoline at a reasonable wholesale price. Equilon claims that Shahbazi will not divulge what he plans to do, although Shahbazi stated at his deposition that by the time Equilon is notified it will be "completely too late" and "nobody can stop him." Shahbazi also allegedly stated that he would "invite a lot of reporters" to watch on October 28th. Equilon claims that Shahbazi tied this threat to six references to his own impending death (i.e. "over my dead body" and "only when I'm not breathing [will I move from that station]"). Equilon alleges that Shahbazi is desperate and that he has lost his house and currently lives in his car on the Marina Station property. Equilon also alleges that Shahbazi stated that he won't be alive in a year because of health reasons. Equilon suggests that Shahbazi's plans most likely are illegal because he demanded that Equilon's counsel not tell the Court about them.

Shahbazi contends that Equilon's statement regarding the confrontation after the September 15, 2006 hearing is inaccurate. He also claims that Equilon's statements about his livelihood and finances are abusive. Shahbazi claims that Equilon misinterpreted his deposition testimony and points out that when asked if he was talking about injuring himself, he said no and claimed that he does not believe in violence. He also claims that he condemns anything that has to do with harming another being. Shahbazi contends that Equilon fears that he will sell unbranded fuels pursuant to what Shahbazi perceives is his right under the California Franchise

1  Act. However, Shahbazi claims that he will not sell such unbranded fuels without the approval
2  of this Court because it would disparage Equilon if he were to cover all Shell identifications and
3  sell cheaper unbranded gasoline. Shahbazi contends that Equilon's unfounded claim that he
4  might do a violent act is dishonest and should be sanctioned.

## II.  LEGAL STANDARD

The standard for issuing a temporary restraining order ("TRO") is the same as that for issuing a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

A TRO may be granted without notice to the adverse party *only if* "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Moreover, in this district an applicant for TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown." Civ. L.R. 65-1(b). A TRO may be issued on an *ex parte* basis for the purpose of preserving the status quo and preventing irreparable harm until the Court can determine the merits of the parties' contentions. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *Hawaii County Green Party v. Clinton*, 980 F.Supp. 1160, 1163 (D. Haw. 1997).

Case No. C 05-05102 JF
ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
(JFEX1)

### III. DISCUSSION

On June 1, 2006, this Court issued an order denying Equilon's earlier motion for a preliminary injunction against Shahbazi. The Court concluded that it was unclear whether Equilon would succeed on the merits in this case. The Court found that Shahbazi had demonstrated that he would suffer irreparable injury if the preliminary injunction were granted, and therefore the balance of hardships weighed in his favor. Moreover, the Court concluded that Equilon had not demonstrated the possibility of irreparable injury to itself. The only question now is whether Equilon has alleged new facts that demonstrate the possibility of an irreparable injury.

Equilon concedes that there is little legal authority addressing this type of situation because Shahbazi has not directly threatened Equilon's employees or facilities. However, Equilon believes that it must do whatever it can to protect its employees and customers. Equilon fears the potential destruction of property, injury to customers or employees, and injury to its trademark or reputation. Equilon asserts that any such injury would be irreparable because Shahbazi lacks the ability to pay for any damages he causes. Equilon also asserts that a TRO and order to show cause regarding a preliminary injunction would not inflict a hardship on Shahbazi, because Shahbazi admits that the Marina Station is losing money and he no longer sells fuel at either the Marina nor the Salinas stations. Equilon acknowledges that the relief it seeks is not encompassed within its complaint, but it requests that the Court exercise its inherent equitable powers in this unique situation.

Shahbazi counters that he has not done anything that has caused or could cause irreparable harm to Equilon. Shahbazi claims that "action is one necessary [sic] at this time. The fuel prices, which have caused other goods and services to be unaffordable, do not justify the average income." It is unclear what action Shahbazi is referring to. Shahbazi also contends that he and his family would suffer a substantial hardship if the Court handed the station to Shell because he would lose both the goodwill he has built up and his only means of support. Shahbazi claims that Monterey County Petroleum is willing to supply him with fuel contingent

upon authorization by Shell/Equilon. Shahbazi asserts that he would also be willing to resume purchasing fuel from Peninsula if it was to act in good faith and charge him reasonable prices.

Although the evidence is far from unambiguous, it appears that Shahbazi's allegedly threatened action may involve the potential resumption of fuel sales at the Marina Station. Shahbazi concedes that this action would disparage Equilon and he assures this Court that he will not engage in such conduct absent this Court's approval. This Court does not grant approval and accepts Shahbazi's representation that he will not harm or disparage Equilon. The Court appreciates the seriousness of Equilon's allegations, and it respectfully counsels Shahbazi to avoid making statements or taking action that could be construed as threats, either against Equilon or to himself.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the instant *ex parte* motion is DENIED.

DATED: 10/19/06

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

Kristen A. Palumbo    kristen.palumbo@bingham.com

James Severson    james.severson@bingham.com

Colin C. West    colin.west@bingham.com

Mehdi Shahbazi
3030 Del Monte Blvd.,
Marina, Ca 93933

Balwinder Singh
3030 Del Monte Blvd.,
Marina, Ca 93933

6

Case No. C 05-05102 JF
ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
(JFEX1)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28