** E-filed 4/24/07 **

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EQUILON ENTERPRISES LLC, a Delaware Corporation, d/b/a SHELL OIL PRODUCTS US,<br><br>Plaintiff,<br><br>v.<br><br>MEHDI SHAHBAZI, et al.,<br><br>                Defendants. | Case Number C 05-05102 JF<br><br>ORDER[1] DENYING DEFENDANT'S MOTION FOR A NINETY DAY EXTENSION TO OPPOSE MOTIONS FOR PARTIAL SUMMARY JUDGMENT<br><br>[re. docket nos. 100, 102, 115, 137, 138] |
| MEHDI SHAHBAZI, et al.,<br><br>                Counter-Claimant<br><br>v.<br><br>EQUILON ENTERPRISES LLC, a Delaware Limited Liability Company dba Shell Oil Products; US PENINSULA PETROLEUM LLC, a California Limited Liability Company; and DOES 1 through 20, Inclusive,<br><br>                Counter-Defendants. | |

On January 26, 2007, Plaintiff Equilon Enterprises, LLC ("Equilon") filed two motions

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 05-05102 JF
ORDER DENYING DEFENDANT'S MOTION FOR A NINETY DAY EXTENSION TO OPPOSE MOTIONS
FOR PARTIAL SUMMARY JUDGMENT
(JFEX1)

for partial summary judgment, (1) as to counts I, II, and VII of the first amended complaint and (2) as to counts III, IV, V, and VI of the first amended complaint and Shahbazi's counterclaims and affirmative defenses. On February 12, 2007, Defendant Mehdi Shahbazi ("Shahbazi") filed the instant motion ("the motion") for an extension of time to oppose the motions for partial summary judgment. *See* Fed. R. Civ. Proc. 56(f). Shahbazi sought an extension of ninety days. Equilon opposed the motion. On February 27, 2007, the Court ordered Shahbazi to provide additional information required by Rule 56(f) on or before March 13, 2007. Shahbazi filed a timely response ("supplemental motion"),[2] and Equilon replied on March 23, 2007.

As the Court specifically advised Shahbazi at the January 26, 2007 case management conference, a Rule 56(f) motion requires an affidavit outlining the specific facts that Shahbazi hopes to obtain through discovery. A party seeking relief under Rule 56(f) must show (1) that he has set forth in affidavit form the specific facts he hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Even taken together, Shahbazi's motion and supplemental motion still fail to meet these requirements.

Shahbazi seeks an extension on the basis that additional time for discovery would allow him to ascertain four different types of information.[3] First, Shahbazi asserts that "there are facts that exist that Shell/Equilon did not act as franchisor for Shahbazi the Marina and Salinas

---

[2] Shahbazi also filed a supplemental response with the Court on March 16, 2007. That document includes a brief history of the case, concerns about oil pricing generally, and Shahbazi's descriptions of his attempts to seek outside counsel. It does not adhere to the requirements of Rule 56(f) and was submitted after the deadline. However, in the interests of justice, the Court has considered this document. It does not alter the Court's analysis.

[3] Shahbazi also notes that he is attempting to obtain legal assistance from "some of the well-known law-firm [sic] in the country." Motion 2. Shahbazi attaches the template letter that he allegedly sent to numerous law firms in the country. The letter is dated November 9, 2006. Ex. 5. The Court has granted considerable time in which to obtain legal counsel, but Shahbazi has been unable to do so. The Rule 56(f) motion cannot be granted on this ground.

2
Case No. C 05-05102 JF
ORDER DENYING DEFENDANT'S MOTION FOR A NINETY DAY EXTENSION TO OPPOSE MOTIONS
FOR PARTIAL SUMMARY JUDGMENT
(JFEX1)

1    stations [sic] and that Shell refused to allow Shahbazi to sell his station in Salinas on at least four
2    different occasions. Shahbazi believes these facts exist and are discoverable and are essential to
3    Shahbazi's defense." Supplemental Motion 2. He also states that both Mr. Burrow and Mr.
4    Maday (Equilon's general manager and sales manager, respectively) were informed that the
5    Salinas station had a probable buyer in escrow. Supplemental Motion 3. These facts are not
6    essential to resist the partial summary judgment motions, however, because Shahbazi already
7    asserted the same affirmative defense unsuccessfully in the related case, *Equilon v. Singh, et al.*,
8    06-05818 ("*Singh*"). Although the instant case involves the Marina station and *Singh* involved a
9    station in Salinas, the factual allegations with respect to the conduct of Burrow and Maday are
10   the same in both cases. Collateral estoppel applies when it is established that: (1) the issue
11   necessarily decided during the previous proceeding is identical to the one which is sought to be
12   relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party
13   against whom collateral estoppel is asserted was a party or in privity with a party at the first
14   proceeding. *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000). The prior
15   litigation ended with a final judgment on the merits, and Shahbazi was a party to that litigation.
16   Accordingly, Shahbazi may not request additional time for discovery related to a renewed effort
17   to establish Equilon's alleged bad faith.
18        Second, Shahbazi asserts that facts exist that would prove that Peninsula, acting in bad
19   faith, raised its prices by up to eight cents per gallon in order to "bring economic termination
20   upon Shahbazi" once the superior court in Monterey County[4] ruled on a summary judgment in
21   favor of Shell and Peninsula. Supplemental Motion 2. However, Shahbazi never explains how
22   these facts are discoverable. Furthermore, this bad faith allegation pertains not to Equilon but to
23   Peninsula, which is not a party in this case. Shahbazi already has litigated (unsuccessfully) a
24   case regarding the alleged bad faith price discrimination in state court. Ex. A at 14-15 and Ex. D

---

[4] Shahbazi filed a complaint against Equilon and other related parties in Monterey Superior Court for multiple claims including price discrimination. The trial court granted defendants' motions for summary judgment on January 20, 2005.

3

Case No. C 05-05102 JF
ORDER DENYING DEFENDANT'S MOTION FOR A NINETY DAY EXTENSION TO OPPOSE MOTIONS
FOR PARTIAL SUMMARY JUDGMENT
(JFEX1)

1  at 14.  Accordingly, additional time for discovery is not warranted on this basis.

2  Third, Shahbazi asserts that Peninsula violated his First Amendment rights when it sent
3  him cease and desist letters attempting to prevent him from handing out flyers to his Marina
4  station's customers.  Supplemental Motion 3.  Shahbazi also asserts that Peninsula terminated its
5  sales agreement at the Marina station as of November 24, 2005, and that Shell terminated the
6  Marina lease on November 24, 2005.  Shahbazi does not explain how these facts are essential to
7  his opposition to the instant motions for partial summary judgment.  As mentioned above,
8  Peninsula is not a party in this case.

9  Finally, Shahbazi claims that various Shell employees, as well as Shell's legal counsel,
10 ignored his requests to allow local distributors to supply the Marina station with Shell-branded
11 fuel.  Supplemental Motion 3-4.  He describes how he asked other Shell suppliers to supply his
12 Marina station with Shell fuel, and alleges that on December 5, 2005, Toro Petroleum and
13 Monterey County Petroleum agreed to supply Marina Shell with fuel.  *Id*. at 3.  Shahbazi asserts
14 that documents proving these facts exist, and that they are essential to his defense that Equilon
15 acted in bad faith, and retaliated against Shahbazi because of Shahbazi's superior court case and
16 gas station protests.  Equilon correctly points out that Shahbazi raised the identical affirmative
17 defense in *Singh*.  West. Decl., Ex. C at 2, 15.  While Shahbazi claims there are documents
18 available illustrating Equilon's bad faith with respect to the Marina station in particular, he does
19 not describe the documents or explain how they might be discoverable.

20 In light of Shahbazi's failure, despite repeated, specific directions from the Court, to
21 identify the documents in question or to explain how such documents would support his
22 opposition to the partial summary judgment motions (particularly in light of the previous adverse
23 decision in *Singh* and in the Monterey County action), denial of the Rule 56(f) motion is proper.
24 Accordingly, plaintiff's Rule 56(f) request for leave to take additional discovery will be
25 DENIED.  The briefing schedule shall be reset as follows: Defendant's opposition to Plaintiff's
26 motions for partial summary judgment shall be filed on or before June 8, 2007; Plaintiff's reply
27 shall be filed on or before June 15, 2007; and the hearing on Plaintiff's motion shall take place at
28

4

1 | 9:00 a.m. on June 29, 2007.

2 | IT IS SO ORDERED.

3 | DATED: April 24, 2007

    JEREMY FOGEL
    United States District Judge

Case No. C 05-05102 JF
ORDER DENYING DEFENDANT'S MOTION FOR A NINETY DAY EXTENSION TO OPPOSE MOTIONS FOR PARTIAL SUMMARY JUDGMENT
(JFEX1)

This Order has been served upon the following persons:

Kristen Palumbo      kristen.palumbo@bingham.com
James Severson       james.severson@bingham.com
Colin C. West        colin.west@bingham.com

Mehdi Shahbazi
3030 Del Monte Blvd.
Marina, CA 93933

Balwinder Singh
3030 Del Monte Blvd.
Marina, Ca 93933

6
Case No. C 05-05102 JF
ORDER DENYING DEFENDANT'S MOTION FOR A NINETY DAY EXTENSION TO OPPOSE MOTIONS
FOR PARTIAL SUMMARY JUDGMENT
(JFEX1)