**E-Filed 07/17/2007**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUILON ENTERPRISES LLC, a Delaware Corporation, d/b/a SHELL OIL PRODUCTS US,<br><br>Plaintiff,<br><br>v.<br><br>MEHDI SHAHBAZI, et al.,<br><br>Defendants. | Case Number C 05-05102 JF<br><br>ORDER[1] REQUESTING SUPPLEMENTAL BRIEFING ON PARTIAL MOTIONS FOR SUMMARY JUDGMENT<br><br>[re: docket no. 100, 102] |
| MEHDI SHAHBAZI,<br><br>Counter-Claimant,<br><br>v.<br><br>EQUILON ENTERPRISES LLC, a Delaware Limited Liability Company, d/b/a SHELL OIL PRODUCTS;<br>US PENINSULA PETROLEUM LLC, a California Limited Liability Company;<br>DOES 1 through 20, Inclusive,<br><br>Counter-Defendants. | |

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 05-05102
ORDER REQUESTING SUPPLEMENTAL BRIEFINGS ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT
(JFEX1)

Plaintiff Equilon Enterprises LLC ("Equilon") moves for summary judgment on all the claims it asserts and on all the counterclaims asserted by Defendant Mehdi Shahbazi ("Shahbazi"). Shahbazi opposes the motions. The Court heard oral argument on June 29, 2007.

The Court is persuaded that Equilon may be entitled to damages and injunctive relief flowing from Shahbazi's failure to vacate the Marina Station after the second and third notices of termination provided by Equilon.[2] However, while Equilon relies upon these notices in its partial motions for summary judgment, the First Amended Complaint, which was filed after the second termination notice on September 29, 2006, does not address these notices. Perhaps because of this, Shahbazi's responses to the partial motions for summary judgment focus primarily on the validity of the first termination notice.

Although it is inclined to find that the second and third notices of termination are sufficient to warrant judgment in favor of Equilon, the Court concludes that Shahbazi should be given a final opportunity to address the sufficiency of these notices. Accordingly, the parties shall file letter briefs, not to exceed ten pages in length, on or before August 3, 2007, addressing the question of whether there are any triable issues of material fact with respect to Equilon's second and third termination notices, and the question of whether the Court may grant relief on the basis of the second and third notices without requiring Equilon to amend its original complaint. The matter will then be submitted without further oral argument. No extension of time will be granted.

IT IS SO ORDERED.

DATED: July 17, 2007

JEREMY FOGEL
United States District Judge

---

[2] Equilon issued its second notice of termination on August 8, 2006, and its third notice of termination on October 9, 2006.

1   This Order has been served upon the following persons:

2   Colin C. West            colin.west@bingham.com

3   James Severson           james.severson@bingham.com

4   Erica Brand Portnoy      erica.brand@bingham.com

5   Kristen A. Palumbo       kristen.palumbo@bingham.com

6   Mehdi Shahbazi
    3030 Del Monte Blvd.
7   Marina, CA 93933