*E-FILED 7/25/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUILON ENTERPRISES LLC,<br><br>　　　　Plaintiff,<br>　v.<br>MEHDI SHAHBAZI et al,<br><br>　　　　Defendants._____/ | NO. C 05 05102 JF (RS)<br><br>**ORDER RE MOTIONS FOR SANCTIONS AND MOTION FOR PROTECTIVE ORDER** |

## I. INTRODUCTION

Plaintiff Equilon Enterprises, LLC, brings one motion for a protective order and two motions for sanctions against *pro se* defendant Mehdi Shahbazi. The Court finds these matters suitable for disposition without oral argument pursuant to Civil Local Rule 7-1 (b). The motion for a protective order will be granted. The sanctions motions will be denied.

## II. BACKGROUND[1]

The discovery at issue in these motions falls into two broad categories. One of the sanctions motions relates to Shahbazi's alleged failure to produce all documents in his possession, custody, or control bearing on his financial condition and related matters. The motion for a protective order and the other sanctions motion relates to Shahbazi's conduct at the deposition of third-party Kasra Ajir.

---

[1] The general background of this action has been described in prior court orders and will not be repeated here.

1

A. <u>Document Production</u>

In November of 2006, Equilon served Shahbazi with its Second Set of Requests for Production of Documents seeking materials related to his assets, debts, all judgments against him, and any documents related to his disputes with his partner Balwinder Singh (aka Ben Pannu). Shahbazi failed to respond and Equilon moved to compel. On March 13, 2007, the Court issued an order compelling production. Shahbazi made responsive documents available for inspection and copying on April 18, 2007.

Thereafter, in response to a showing by Equilon that there was reason to question the completeness of the production, the Court ordered Shahbazi to produce any further documents and to provide a declaration under oath that he had produced all responsive documents. Shahbazi produced some additional documents and served the declaration on May 10, 2007.

In its present motion for sanctions, Equilon presents further evidence to support its contention that Shahbazi likely possesses responsive documents that he has not produced. In opposition[2], Shahbazi insists that he has produced all responsive documents. Shahbazi suggests, however, that further responsive documents may exist in the "28 boxes of papers around [him]" and that Equilon "is welcome to go through them." Equilon responds that pointing to twenty-eight boxes of documents and implying that some responsive documents may be contained therein does not satisfy a party's discovery obligations.

B. <u>Ajir Deposition</u>

At the deposition of Kasra Ajir, Shahbazi repeatedly interjected before the witness could answer, and insisted that he be allowed to ask questions of the witness immediately after those posed by Equilon's counsel, rather than waiting for counsel to conclude his examination. In opposition to these motions,[3] Shahbazi argues that he is unable to afford copies of deposition transcripts and that

---

[2] Despite prior warnings from the Court regarding his obligation to abide by the rules, Shahbazi failed to file *timely* oppositions to any of these motions. In view of his status as a *pro se* litigant, the Court has repeatedly addressed the merits of Shahbazi's oppositions rather than disregarding them as untimely. Shahbazi is advised that he has exhausted the flexibility generally accorded *pro se* litigants, and that any failure to comply with the rules in the future may support a decision by the Court not to consider any of his arguments.

[3] See note 2, *supra.*

2

1  unless he is allowed to ask follow-up questions immediately after Equilon's counsel, Equilon will be
2  able to generate a misleading transcript to use against him.  Shahbazi also suggests that Ajir's
3  deposition was "excessive."
4       In general, Shahbazi's opposition to these motions largely rehashes his claim that Equilon
5  engaged in a concerted campaign to destroy his business and his livelihood.  As the Court has
6  previously advised Shahbazi, most of those arguments go to the *merits* of his claims in this action,
7  and are not properly considered in the context of discovery disputes.  To the extent, however, that
8  such matters are tangentially related to the question of whether the discovery pursued by Equilon
9  herein imposes a burden proportional to its likely relevance, the Court is cognizant that the rules of
10 litigation and discovery are not designed to favor the party with greater resources, but are intended
11 to lead to a just and equitable result.  That underlying principle, however, excuses no party,
12 represented or not, from complying with the *spirit* of the rules.

### III. DISCUSSION

#### A. Document Production

15      Equilon seeks monetary, issue, or terminating sanctions[4] based on Shahbazi's purported
16 failure to produce all documents responsive to its Second Set of document requests.  Equilon has
17 made a credible showing that it is *likely* that Shahbazi possesses at least *some* additional responsive
18 documents; Equilon points to materials it has located from other sources reflecting judgments
19 entered against Shahbazi that he did not produce.  Shahbazi has not offered any explanation as to
20 why it would be reasonable to conclude that he did not receive or did not retain some or all of these
21 documents.  Equilon is correct that Shahbazi cannot comply with his discovery obligations simply
22 by inviting Equilon to peruse twenty-eight boxes of materials that may or may not contain additional
23 responsive documents.
24      That said, Equilon has failed to show that imposition of sanctions is warranted.  Equilon

---

[4] Motions for terminating sanctions are appropriately presented in the first instance to the referral magistrate judge, however, if the magistrate judge believes the motion should be granted, he or she must issue a report and recommendation for action by the presiding judge.  Here, for reasons explained below, the terminating sanctions are not warranted on the present record.

3

concedes that further monetary sanctions would serve no purpose at this juncture.[5] Equilon has not identified any evidentiary sanction that could be tailored to address the purported prejudice to it arising from Shahbazi's apparent failure to produce all responsive documents.

When considering terminating sanctions a court must weigh, "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.2d 652.656 (9th Cir. 1990) (citations omitted). Here, Equilon contends that the first two factors favor imposition of sanctions because Shahbazi has acted with "willfulness, bad faith, or fault." The record certainly supports a conclusion that Shahbazi's conduct was volitional and objectively unreasonable. His repeated failures to heed the Court's warnings are significant. It appears, however, that Shahbazi may *subjectively* believe that he has made all evidence in his possession available to Equilon and that he views this dispute as arising more from overreaching on Equilon's part than from any failures on his part to meet his discovery obligations. On this record, it would be premature to conclude that Shahbazi intentionally "lied in his declaration" as Equilon contends. Accordingly, while the first two factors may weigh somewhat in favor of imposing sanctions, they do not do so conclusively.

As noted above, monetary sanctions appear ineffective here, which would tend to suggest that the fifth factor tilts towards terminating sanctions. Equilon's failure to propose other lesser sanctions, however, also renders this factor inconclusive.

Equilon acknowledges that the policy favoring decisions on the merits (the fourth factor) ordinarily weighs against terminating sanctions. Equilon suggests, however, that by "blatantly concealing documents, lying about his possession of them, and otherwise thwarting discovery," Shahbazi has impeded resolution on the actual merits of the case. This argument ties into Equilon's claim that it has been "severely prejudiced"–the third factor. At this point in time, Equilon has not adequately demonstrated significant prejudice or that a decision on the merits is not obtainable as a

---

[5] See Equilon's brief at 7:19-20. ("Monetary sanctions have had no effect on Shahbazi, since he ignores them"). It appears that the outstanding monetary sanctions issued against Shahbazi by various courts so far may exceed $50,000.

4

result of Shahbazi's discovery conduct.

First, Equilon had uncovered from other sources much of the information it claims Shahbazi failed to produce. Equilon's concern that Shahbazi may have failed to produce *other* relevant information and documents is not unjustified, but it necessarily is speculative as well.

More fundamentally, however, the documents and information in dispute appears to be largely cumulative of materials Equilon already possesses. Even assuming it may be an important issue in the case that Shahbazi was or has become insolvent at some point in time, that there were numerous judgments against him, and that he had failed to pay his taxes, it appears unlikely that Equilon will be significantly disadvantaged in proving its case utilizing the information it already possesses. Accordingly, any failure by Shahbazi to provide additional documents he may possess has not significantly prejudiced Equilon nor would it otherwise preclude a determination on the merits.

Nothing in this order, however, should be construed as a finding that any failure by Shahbazi to comply with his discovery obligations necessarily was harmless. Accordingly, the conclusion that sanctions will not be imposed at this juncture is without prejudice to Equilon's right to seek terminating sanctions in the future to based on the issues raised in this motion, together with any other conduct that might support such sanctions.

Finally, although Equilon has not expressly moved to compel further production, Shahbazi's suggestion that additional responsive documents may exist in the "28 boxes" must be addressed. Even though it is ordinarily both a right and an obligation of a producing party to search his or her records and to produce only responsive materials, Shahbazi has waived his rights in that regard and it appears that any further efforts to enforce his obligations would be futile. Accordingly, at Equilon's option, Shahbazi is ordered to produce for inspection and copying all of the 28 boxes. Equilon is hereby authorized to take possession of the boxes for a period not to exceed seven calendar days, so that it can carry out the review and copying of documents at its counsel's office, at a commercial copying service, or at such other location as may be convenient. Equilon shall take care to return the boxes to Shahbazi in their original condition, with all documents in the original order.

B. <u>Ajir Deposition</u>

When Equilon notices the deposition of any person, its counsel may ask such questions as he or she sees fit. An *attorney* representing the deponent may interpose brief objections to the form of a question, and may instruct the witness not to answer under narrowly prescribed circumstances. A party appearing in *pro se* arguably has the right to state objections, but has no right to instruct the witness not to answer, and has no right to speak at length or to ask questions of the deponent until *after* the noticing party has completed its questioning.

Shahbazi's concern that he will not be able to dispute the record generated by Equilon unless he is permitted to ask "follow-up" questions immediately after Equilon's counsel does not warrant a departure from these rules. In the event that Shahbazi believes that Equilon is relying on excerpts of deposition transcripts that do not accurately reflect the evidence, he remains free to make that argument and to present such contrary evidence as may exist.

Equilon has established that at the deposition of Kasra Ajir, Shahbazi repeatedly interrupted the questioning in what appears to have been an attempt to reframe either the questions, or the answers, or both. Such conduct is not permissible. If Shahbazi believes that either the questions or the answers or both are misleading, his remedy is to ask follow-up questions at the conclusion of Equilon's examination of the witness.

In litigation where all parties are represented, counsel sometimes stipulate that all objections as to the form of questions are preserved without the necessity of stating them on the record. In view of the fact that Shahbazi lacks the legal training to distinguish between "speaking objections" and other objections, it is appropriate to impose such a rule here.

Accordingly, good cause appearing it is hereby ordered that:

(1) At any future or continued deposition herein, the parties are relieved from any obligation to object to the form of any question, and shall not do so. At trial or in subsequent motion practice, the parties may object on any grounds to any deposition transcript excepts offered as evidence whether or not such objection was stated at the time of the deposition.

(2) At any future or continued deposition herein, Shahbazi shall not object, interrupt, or

6

attempt to question the witness until such time as Equilon's counsel has completed his or her initial examination. In the event Equilon's counsel has further questions for the witness upon the completion of Shahbazi's questioning, Shahbazi shall not object, interrupt, or attempt to question the witness until such further questioning by Equilon is completed.

(3) Equilon's motion for sanctions in connection with Shahbazi's conduct at the deposition of Ajir is denied. Although Shahbazi's conduct was inappropriate, there is no indication that he was familiar with the procedure to be followed prior to the issuance of this order.

## III. CONCLUSION

Equilon's motion for a protective order is granted, as set out above. Equilon's motion for sanctions relating to Shahbazi's conduct at the deposition of Kasra Ajir is denied. Equilon's motion for sanctions relating to Shahbazi's alleged failure to produce documents is denied, without prejudice, as explained above.

IT IS SO ORDERED.

Dated: 7/24/07

RICHARD SEEBORG
United States Magistrate Judge

C 05 05102 JF (RS)

7

1 **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2 Gary Ernest Gray     ggray@ggraylaw.com

3 Kristen A. Palumbo     kristen.palumbo@bingham.com

4 Erica Brand Portnoy     erica.brand@bingham.com, angela.ius@bingham.com

5 James Severson     james.severson@bingham.com

6 Colin C. West     colin.west@bingham.com

7
8 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

9 **AND A COPY OF THIS ORDER WAS MAILED TO:**

10 Mehdi Shahbazi
   3030 Del Monte Blvd.
11 Marina, CA 93933

13 **Dated: 7/25/07**                                       **Chambers of Judge Richard Seeborg**

15                                                          **By:**         **/s/ BAK**

C 05 05102 JF (RS)

8