1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-Filed 10/1/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EQUILON ENTERPRISES LLC. a Delaware Corporation d/b/a SHELL OIL PRODUCTS, US, | Case Number C 05-05102 |
| Plaintiff, | ORDER[1] DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |
| v. | [re: docket nos. 239, 240, 242, 243, 259, 261, 262] |
| MEHDI SHAHBAZI, an individual d/b/a MARINA SHELL, | |
| Defendant. | |

On September 10, 2007 Defendant Mehdi Shahbazi ("Shabazi") filed a Motion for Leave to File for Reconsideration with respect to this Court's order of August 30, 2007 granting the motion of Plaintiff Equilon Enterprises LLC's ("Equilion") for summary judgment.  Equilon filed its opposition to the motion on September 17, 2007, and Shahbazi filed a reply on September 24, 2007.  For the reasons set forth below, the motion will be denied.[2]

_____

[1] This disposition is not designated for publication and may not be cited.

[2]  The factual and legal background of the instant case is set forth in the Court's order granting summary judgment dated August 30, 2007 and will not be repeated here.

# I.  LEGAL STANDARD

Civil Local Rule 7-9 governs motions for reconsideration and provides as follows:

(a) Leave of Court Requirement: Before the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

 (b) Form and Content of Motion for Leave: A motion for leave to file a motion for reconsideration is governed by Civ. L. R. 7-9, which requires that the party seeking leave to file a motion for reconsideration must show:

(1)  That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2)  The emergence of new material facts or a change of law occurring after the time of such order; or

(3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9(b); *see also School Dist. No.1J Mulitnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration."(internal citations omitted)).

# II.  DISCUSSION

The thrust of Shahbazi's motion is that the Court erred in concluding that his failure to pay litigation costs as ordered by the Monterey Superior Court was a valid reason for Equilon to terminate the Lease.  Shahbazi argues that: (1) he would have been able to make the required payment if not for Equilon's actions; (2) termination of the lease on this basis was pretexual; (3) because the Monterey Superior Court's order was entered more than 120 days prior to the termination notice, it was not a valid basis for termination under the Petroleum Marketing Practices Act ("PMPA").  None of these arguments meets the requirements of Civil Local Rule 7-9.

1    The first two arguments were considered and rejected by the Court in its order of August

2    30, 2007.  Shahbazi has not offered any new facts or legal arguments that would warrant

3    reconsideration.  For instance, Shahbazi's claim that Equilon interfered with potential sales of his

4    gasoline or the station were raised in his August 3, 2007 Letter Brief ("Aug. 3 L.B."), as was his

5    price discrimination argument.  Aug. 3 L.B. at 6-7.  Similarly, Shahbazi's conclusory statements

6    that the termination notices were "in bad faith and pretexual" have been made before.  *Id.*  While

7    Shahbazi's precise characterization of the alleged pretext may have shifted slightly,[3] he does not

8    offer any new evidence in support of his claim.

9    While Shahbazi's third argument was not asserted previously, it too fails to meet the

10   requirements of Civil Local Rule 7-9.  Reconsideration may be granted based upon a material

11   difference in fact or law only if the party seeking reconsideration can show that "in the exercise

12   of reasonable diligence the party applying for reconsideration did not know such fact or law at

13   the time of the interlocutory order."  Civ. L.R. 7-9(b)(1).  Shahbazi's argument that the notice of

14   termination was not timely under the PMPA clearly could have been asserted in the briefing on

15   Equilon's motion for summary judgment, as to which briefing Shahbazi sought and was granted,

16   over Equilon's strenuous objection, an extension of time.  Shahbazi's assertion that "when

17   Shahbazi offered his eight and subsequently his two page letter brief, he . . . was [not] aware of

18   the 120 days," Reply at ¶ 4, is immaterial.   Rule 7-9 allows for reconsideration where despite

19   diligence a party was unaware of a *fact*, not of *law*.[4]

20

21   [3] In his reply brief, Shahbazi alleges that "[w]hat Equilon really wants I [sic] 'to starve
     Shahbazi to death,' to ruin his livelihood, simply because Shahbazi stands for his rights."  Reply
22   at ¶ 3.  Throughout this action, the Court has been respectful of Shahbazi's willingness to make
     personal sacrifices in support of his beliefs.  In light of Shahbazi's pro se status, the Court has
23   given Shahbazi considerable leeway in presenting his arguments while holding counsel for
24   Equilon to a high standard of legal practice.  However, the Court cannot simply ignore the legal
     realities of this or any other case.
25

26   [4] Citing *Chevron v. Finn*,  851 F.2d 1227, 1230 (9th Cir. 1999), Equilon also argues that
     the notice was timely because where failure to pay money is the "event" serving as the basis of
27   termination, each refusal by the franchisee to pay a past due amount in the face of the
     franchisor's attempts is an "event," constituting an "ongoing violation of the franchise
28   agreement."  Response at 3-4.  In light of its disposition of the instant motion the Court need not

3

1

2                                    **IV.  ORDER**

3          Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for

4    reconsideration is DENIED.

5

6    DATED: October 1, 2007.

7

8                                              _____
                                               JEREMY FOGEL
9                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    _____

28    address this point.

                                              4

1   This Order has been served upon the following persons:

2

3   Colin C. West              colin.west@bingham.com

4   James Severson             james.severson@bingham.com

5   Erica Brand Portnoy        erica.brand@bingham.com

6   Kristen A. Palumbo         kristen.palumbo@bingham.com

7   Mehdi Shahbazi
    3030 Del Monte Blvd.
8   Marina, CA 93933

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C05-05102 JF
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
(JFLC1)